Opinion issued December 4, 2008




 
 












In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00903-CR
____________

IN RE DARREN MCAFEE, Relator




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION
          Relator, Darrren McAfee, has filed a pro se petition for writ of mandamus 
complaining that he has not been provided a free transcript of the record, in trial court
cause number 83316, to use in preparing a post-conviction writ of habeas corpus.



Relator also complains that neither the District Clerk nor the trial court has responded
to his requests for an indigency hearing. We note that relator appealed his conviction
in cause number 833161, and that the appeal was assigned to this Court as appellate
number 01-00-00470-CR. We issued an opinion affirming the judgment of the trial
court in cause number 833161. McAfee v. State, No. 01-00-00470-CR, 2001 WL
619543, (Tex. App.—Houston [1st Dist.], 2001, pet. ref’d) (not designated for
publication). Our mandate issued on July18, 2002. The conviction in cause number
833161 is final.          This Court has mandamus jurisdiction over a district court judge or county court
judge in our district, and all writs necessary to enforce our jurisdiction. See Tex.
Gov’t Code Ann. § 22.221 (Vernon 2008). We have no authority to issue a writ of
mandamus to compel a district court judge to rule on matters related to a petition for
writ of habeas corpus in which the judgment of conviction is final. In re McAfee, 53
S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Nor do
we have authority to issue a writ of mandamus against a district clerk unless such is
necessary to enforce our jurisdiction. In re Coronado, 980 S.W.2d 691, 692 (Tex.
App.—San Antonio 1998, orig. proceeding). This is because jurisdiction to grant
post-conviction habeas corpus relief in felony cases rests exclusively with the Texas
Court of Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon
Supp. 2008); Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the
Eighth District, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).
          Therefore, the petition for writ of mandamus is dismissed for want of
jurisdiction.
PER CURIAM
Panel consists of Justices Taft, Keyes, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).